HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LANDAU ASSOCIATES, INC., a
Washington corporation,

         Plaintiff,

v.

WESTERN MAGNESIUM
CORPORATION, a Canadian
corporation,

         Defendants.

CASE NO. 2:20-cv-01418-RAJ

ORDER GRANTING
DEFAULT JUDGMENT

## I.    INTRODUCTION

This matter comes before the Court on Plaintiffs' motion for default judgment. Dkt. # 9. Having reviewed the record and relevant law, the Court **GRANTS** the motion.

## II.    BACKGROUND

On September 24, 2020, Plaintiff Landau Associates, Inc. ("Plaintiff") filed a complaint alleging breach of contract against Defendant Western Magnesium Corporation ("Defendant"). Dkt. # 1. Plaintiff alleged that it had rendered services to Defendant in performing an environmental site assessment as agreed by the parties. *Id.* ¶¶ 10-12. Plaintiff sent Defendant invoices in relation to its environmental site assessment services but Defendant failed to pay the amounts due as well as the interest

owed on the amounts. *Id.* ¶¶ 13-14. Plaintiff alleged that Defendant acknowledged the amounts due but did not provide a reason for non-payment. *Id.* Defendant requested additional services from Plaintiff, which Plaintiff rendered. *Id.* ¶ 15. Plaintiff then sent Defendant invoices related to the additional services, but Plaintiff again failed to pay the amounts and the interest owed on the amounts. *Id.* ¶¶ 16-17.

On September 29, 2020, Defendant's Intake Specialist, Robin Huttbanks, was served with the summons and complaint. Dkt. # 5. Ms. Huttbanks confirmed that she was authorized to accept service on behalf of Defendant. *Id.* Defendant did not file a response. On October 29, 2020, Plaintiff filed a motion for default based on Defendant's failure to file an answer or any other responsive pleading. Dkt. # 6. On November 3, 2020, the Clerk of the Court granted the motion and entered an order of default in favor of Plaintiff and against Defendant. Dkt. # 8.

On the same day, Plaintiff filed the pending motion for default judgment. Dkt. # 9. Plaintiff requests a judgment awarding damages of $121,216.30, pre-judgment interest of $15,010.66, costs of $446.65, and post-judgment interest pursuant to 28 U.S.C. § 1961. *Id.* at 2. Plaintiff alleges that it is owed $121,216.30 for the services rendered as well as pre-judgment interest as provided in the contract in the amount of 1.5 percent per month or the maximum statutory rate, which is twelve percent per year. *Id.* at 1-2.; Dkt. # 10, Ex. A-B. Based on this percent, Plaintiff calculated that Western Magnesium the pre-judgment interest on unpaid invoices amounted to $15,010.66. Dkt. # 9 at 2. Plaintiff also states that it has incurred $446.65 in its filing fee and cost of serving process. *Id.*

### III. DISCUSSION

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The entry of default judgment under Rule 55(b) is "an extreme measure," and

disfavored cases should be decided on their merits whenever reasonably possible. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages. Fed. R. Civ. P. 55(b)(2)(B). In determining damages, a court can rely on declarations submitted by a plaintiff. *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010). Here, the Court finds that Plaintiff's allegations of breach of contract are well-pleaded. Dkt. # 1. Plaintiff's damages are calculated based on compensation for services agreed to by the parties as evidenced by the contract signed by both parties and Plaintiff's Declaration. *See* Dkt. # 10. The Court therefore finds that Plaintiff is entitled to the amount calculated in addition to post-judgment interest.

### IV.   CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Default Judgment. Dkt. # 9. Plaintiff's counsel is ordered to provide the Court with an updated accounting of the amount of interest owed within <u>fourteen (14) days of this order</u> so that judgment may be entered.

Dated this 7th day of July, 2021.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge